[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum
The plaintiff, Waterbury Hotel Equity, filed an application for appeal from the defendant, the City of Waterbury Board of Assessment Appeals on June 24, 1997. The plaintiff is appealing the action of the defendant and applying for relief against a wrongful assessment of its property for taxation by the City of Waterbury's assessors. The plaintiffs allege that CT Page 6704-k on October 1, 1996 (assessment date), a tax assessor for the City of Waterbury valued property located at 3580 East Main Street in Waterbury (property), then owned by Joseph and Loretta Calabrese. for a grossly excessive and disproportionate amount. The plaintiffs further allege that the City of Waterbury's assessors determined that all property within the City of Waterbury should be liable for taxation at 70 percent of its valuation on the assessment date. The plaintiff alleges that it acquired title to the property by a trustee's deed and a certificate of strict foreclosure. The plaintiff appealed to the defendant, claiming to be aggrieved by the actions of the City of Waterbury's assessors, but the defendant did not take action.
The defendant filed a special defense on October 6, 1997, asserting that the plaintiff is collaterally estopped from seeking the relief requested in the complaint because such relief has already been granted via court stipulation subsequent to the date of the last citywide valuation. The defendant filed a motion for summary judgment on March 16, 1999, asserting that there is no genuine issue of material fact with respect to its special defense of collateral estoppel. This court issued a memorandum of decision denying the defendant's motion for summary judgment on November 5, 1999 [27 CONN.L.RPTR. 136]. The defendant filed a motion for reargument and articulation on November 17, 1999.
The defendant's motion for summary judgment is based solely on the special defense of collateral estoppel. "Collateral estoppel, like its cousin res judicata, presents a question of law that we review de novo . . . Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Citations omitted; internal quotation marks omitted.) Linden Condominium Assn., Inc. v. McKenna,247 Conn. 575, 726 A.2d 502 (1999).
The defendant requests an articulation on three grounds. First, the defendant asserts that the court's decision cites JMB Realty Corp. v.City of Hartford, Superior Court, judicial district of Hartford, Docket No. 525547 (June 14, 1996) (Aronson, J.) (17 CONN.L.RPTR. 217), for the proposition that the doctrine of collateral estoppel bars a property owner from challenging an assessment where the value of the property was determined prior to a tax appeal. Second, the defendant asserts that the court does not articulate why General Statutes § 12-62 does not ratify deferral of the 1990 revaluation until 1998. Finally, the CT Page 6704-l defendant questions why the memorandum of understanding between the Office of Policy and Management and the defendant did not ratify any deferral of reevaluation until at least October 1, 1999.
"Following Uniroyal Inc. v. Board of Tax Review, 182 Conn. 619,438 A.2d 782 (1991) (Uniroyal II), [the courts] have consistently held that the doctrine of collateral estoppel bars a property owner from challenging an assessment where the value of the property was determined in a prior tax appeal related to the same decennial reevaluation year." (Citations omitted.) Maharishi School v. City of Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 551521 (October 17, 1997) (Aronson, J.) (20 CONN.L.RPTR. 568); See Desenav. Waterbury, 249 Conn. 63, 74-75, 731 A.2d 733 (1999). The plaintiff is not entitled to an interim revaluation of the property on the basis that there has been a substantial change in the use of the property, as the defendant asserts. "The only circumstances provided by statute that require an assessor to conduct an interim revaluation of a property are: (1) damage to a property requiring complete demolition or total reconstruction; General Statutes § 12-64a; and (2) new construction completed on the property. General Statutes § 12-53a. We have expressly rejected the argument that changes. in property value resulting from market conditions constitute a sufficient basis upon which a taxpayer may compel an interim revaluation of property." Desena v.Waterbury, supra, 249 Conn. 75-77. "We decline to recognize the nonstatutory special circumstances mentioned in the dictum in Ralston Purina Co. [v. Board of Tax Review, 203 Conn. 425, 525 A.2d 91 (1987)] — that is, a substantial change in the use of the property or a decision by the taxpayer to go out of business — that the plaintiff asserts entitles him to an interim revaluation of the property." Id., 87.
Nevertheless, "[t]he distinction between requesting a revaluation because the original revaluation was in error and requesting a revaluation because circumstances subsequent to the initial revaluation have effected a change in the present true and actual value of the property is identifiable and justifiable . . . A request for an interim revaluation, therefore, is brought because the decennial revaluation is allegedly outdated, and is, therefore, a challenge to the legislatively chosen ten-year revaluation time period. Conversely, a challenge to the decennial revaluation in a subsequent year seeks only to correct an already existing revaluation. It is a challenge to the manner of taxation . . . and is brought to question the performance of the assessor's duties under General Statutes § 12-64 . . . We find no support for denying taxpayers the right to have their decennial revaluation reflect the property's true value at the time of the decennial revaluation in our CT Page 6704-m case law concerning interim valuations." (Citations omitted; internal quotation marks omitted.) Jupiter Realty Co. v. Board of Tax Review ofVernon, 242 Conn. 363, 373-74, 698 A.2d 312 (1997). There is a question of fact as to whether the original evaluation was in error, and therefore, would not apply to the property valuation for those years which follow 1990. This claim may not be collaterally estopped, and therefore, the defendant's motion for summary judgment was properly denied.
The defendant's motion for reargument is denied.
LEHENY, J.